IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| James Hardenbrook,<br><br>    Plaintiffs,<br><br>v.<br><br>TBC Retail Group, Inc,<br><br>    Defendants. | CV520-111<br><br>COMPLAINT<br>(Jury Trial Requested) |

Plaintiff James Hardenbrook ("Mr. Hardenbrook" or "Plaintiff"), by way of his Complaint in the above-captioned matter, brings the below claims against Defendant, TBC Retail Group, Inc. ("TBC")

**NATURE OF CLAIMS**

1. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

**PARTIES, JURISDICTION AND VENUE**

2. Mr. Hardenbrook is over the age of nineteen (19) and is a resident of Waycross, Georgia.

3. Defendant, TBC, is a for-profit limited liability Florida Corporation, doing business in Georgia and is registered with the Georgia Secretary of State.

4. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this District because Defendant is a Florida corporation conducting business in the Southern District of Georgia. Additionally, Defendant has conducted substantial, continuous, and systematic commercial activities in this state and the unlawful labor practices giving rise to Plaintiff's claims were committed in the Southern District of Georgia.

6. This Court has jurisdiction of the state claims alleged herein, and of the FLSA claim per 28 U.S.C. § 1331, and 29 U.S.C. § 216 (b).

7. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over any of Plaintiff's pendent claims, which are brought pursuant to the laws of the Southern District of Georgia, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

8. At all relevant times, Defendant TBC has been regularly engaged in interstate commerce.

9. At all relevant times, TBC has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) & (s).

10. At all times material, hereto, TBC managed, owned and/or operated an enterprise, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business. By virtue of such control and authority, the Defendant was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201 et seq.

11. Based upon information and belief, the annual gross sales volume of the Defendant's business was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

**FACTS**

12.     TBC is one of the nation's largest vertically integrated marketers of tires in the automotive industry. The Company's retail operations include tire and automotive service centers under the following brands, and franchised stores: "Tire Kingdom", "Merchant's Tire & Auto Centers", and "National Tire & Battery" and "Big O Tires".

13.     Mr. Hardenbrook worked as a Mechanic for Defendant at a Tire Kingdom franchise store located at 2498 Memorial Dr. Waycross, GA 31503 in the Southern District of Georgia, from approximately September 20, 2013 until January 15, 2014.

14.     Plaintiff's primary job duties were to inspect, diagnose, repair and service automobiles.

15.     Plaintiff alleges he was misclassified as exempt under Defendant's sham commission plan because he regularly worked overtime hours but was denied overtime compensation.

16.     Defendant argues that Plaintiff was paid under a bona fide flat-rate commission plan and was therefore not entitled to overtime compensation pursuant to Section 7(i) of the FLSA.

17.     Plaintiff alleges his commission rate was not bona fide commission because it violated 29 CFR 779.416 in that Plaintiff always or almost always earned the same fixed rate for each workweek.

18.     TBC pays its Mechanics the greater of $11.02 per hour or "commissions" generated by their flat rate hours, sales, and bonuses. Plaintiff's flat rate was $18.00 hour.

19. Additionally, TBC deducted a mandatory uniform cleaning fees from each pay check. After the cleaning fees was taken out Plaintiff was paid $10.88 per hour, one cent more than time and one-half the minimum wage rate.

20. The flat rate is an hourly pay rate TBC assigns to each mechanic based on that mechanic's particular skill, experience, and certifications.

21. Plaintiff's commission rate was not based on the actual clocked hours he worked, thus Plaintiff often worked over forty hours a week a week and was still only paid $11.02 per hour.

22. TBC regularly scheduled Plaintiff to work at least 50 hours a week.

23. Plaintiff did not have control over the number of hours or the days he was required to work, as TBC required him to adhere to their scheduled times and dates.

24. Plaintiff was *almost always* paid a fixed rate of $11.02 of all clocked hours and thus seldom received the commission rate.

25. In fact, Plaintiff was paid a fixed rate of $11.02 for all clocked hours 90% of the time and thus seldom was paid the commission rate.

26. Plaintiff worked for TBC a total of twenty (20) weeks and eighteen (18) of those weeks his calculated hourly rate was $11.02 an hour, even though Plaintiff regularly worked sixty (60) hours a week.

27. At all times relevant, the Defendant had the power to stop any illegal pay practices that harmed Plaintiff.

## RELEVANT PROCEDURAL HISTORY

28. This case arises from class action lawsuit *2:14-cv-03365-DCN Gordon et al v. TBC Retail Group Inc* originally filed in District of South Carolina. In that case both parties

moved for summary judgement. The court held TBC's compensation plan did not utilize a bona fide commission rate as a matter of law for the plaintiffs that never exceeded the guarantee or only exceeded the guarantee one time. The court found there was a genuine dispute of fact for the plaintiffs that only exceeded the guarantee between 6%-10% of the time. Therefore, Plaintiff files this complaint because he only ever exceeded the draw 10% of the time. See Attached Exhibit "A" – SC District Court's Order.

29.     Plaintiff filed a consent to join in that case on January 10, 2016 thus the statute of limitations is tolled beginning on that date.

30.     Plaintiff stipulated to decertification, pursuant to the TBC's motion and thus files this action. See Attached Exhibit "B" – Notice of Stipulation to Decertify and Order.

**FOR A FIRST CAUSE OF ACTION**
(Fair Labor Standards Act–Failure to Pay Overtime Wages)

31.     Plaintiff, realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

32.     Plaintiff was employee of TBC for purposes of the Fair Labor Standards Act during times relevant to this Complaint. Defendant failed to pay Plaintiff at the rate of one-and-a-half times their normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

33.     Defendant also failed to pay for all compensable time for which Plaintiff provided work for the benefit of Defendant.

34.     Plaintiff is entitled to back wages at the rate of one-and-a-half times his regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35. Plaintiff is also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendant in calculating his compensable time.

36. The failure of TBC to compensate Plaintiff for overtime work and for as required by the FLSA was knowing, willful, intentional, and done in bad faith.

37. The work and pay records of Plaintiff are in the possession, custody, and/or control of Defendant, and Defendant are under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained.  Plaintiff requests an order of this Court requiring Defendant to preserve such records during the pendency of this action.

38. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James Hardenbrook demands:

a. Declaratory Judgment against Defendant that they violated FLSA;

b. Judgment against Defendant for all overtime worked at time half of the hourly rate;

c. Judgment against Defendant that their violation of the FLSA and its implementing regulations were willful;

d. Attorneys' fees and costs; and

e. All such further relief as the Court deems just and equitable.

## JURY DEMANDED

Plaintiff James Hardenbrook hereby demands a trial by jury.

Respectfully submitted,

*/s/ Adeash "AJ" Lakraj*
Adeash "AJ" Lakraj, Esq.
MORGAN & MORGAN, PLLC
GA Bar# 444848
191 Peachtree Street NE, Suite 4200
Atlanta, Georgia 30303
Tel:    (404) 965-1909
Email: alakraj@forthepeople.com

/s/ Marybeth Mullaney
Marybeth Mullaney, Esq.
MULLANEY LAW
652 Rutledge Ave
Charleston, South Carolina 29403
P: (843) 588-5587
marybeth@mullaneylaw.net
*Pro Hoc Application Pending*

s/ Matthew Gunter
Matthew Gunter, Esq.
MORGAN AND MORGAN
A: 20 N Orange Ave, Suite 1600,
Orlando, FL 32801
P: (407) 236-0946
MGunter@forthepeople.com
*Pro Hoc Application Pending*

*Attorneys for Plaintiff*

August 25, 2020

Case 5:20-cv-00111-LGW-BWC   Document 1   Filed 08/25/20   Page 8 of 8